CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| CATHY STATLER, | ) | |
| | ) | Civil Action No. 7:09-cv-00387 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Memorandum Opinion** |
| | ) | |
| SECRETARY OF THE | ) | |
| DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| *Defendant.* | ) | |

This matter comes before the Court on Plaintiff Cathy Statler's ("Statler") motion to set aside the final agency action of the United States Department of Health and Human Services (Dkt. 19), and the Defendant Secretary of the Department of Health and Human Services' ("Secretary") cross motion for summary judgment (Dkt. 20). The parties have not requested oral argument and the matter is now ripe for disposition. For the reasons stated below, Statler's motion to set aside will be **DENIED** and the Secretary's motion for summary judgment will be **GRANTED**.

I.  **Background and Procedural History**

From June 1997 to June 1998, Statler participated in a scheme to submit false claims for home health services to Medicare. On April 8, 1999, Statler entered into a Plea Agreement with the United States Attorney for the District of Arizona which resolved Statler's criminal liability. Statler pled guilty to one count of Theft of Public Money, a Class A misdemeanor, in violation of 18 U.S.C. § 641. The Plea Agreement stated in relevant part:

> Defendant agrees to be *permanently excluded,* directly or indirectly, as an eligible provider from CHAMPUS, Medicare, Medicaid (e.g. AHCCCS) and any other program with a federal pay source. Defendant agrees to voluntarily execute whatever

>       records these agencies require in order to voluntarily terminate
>       defendant's privileges to bill any of these federal pay sources.

(Dkt. 21, Ex. A, at 8) (emphasis added). On July 2, 1999, the United States District Court for the District of Arizona entered a judgment of conviction of Statler, and sentenced her to twelve months probation, and ordered her to pay $3,025 in criminal monetary penalties. (Dkt. 21, Ex. B, at 1).

On August 30, 1999, Statler entered into a Settlement Agreement with the United States Attorney and the Office of the Inspector General ("OIG") of the Department of Health and Human Services ("DHHS") which resolved Statler's civil and administrative liabilities for violating the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, the Program Fraud Civil Remedies Act ("PFCRA"), 31 U.S.C. §§ 3801–3812, and the Civil Monetary Penalties Law ("CMPL"), 42 U.S.C. § 1320a-7a. The Settlement Agreement stated that Statler agreed "to be *permanently excluded* under 42 U.S.C. § 1320a-7(a)(1) and § 1320a-7(b)(7) for [submitting false claims]." A.R. at 45.

On November 30, 1999, OIG issued Statler a formal "Notice of Exclusion" notifying her that she was being permanently excluded from participation in all Federal health care programs based on her conviction which triggered mandatory exclusion pursuant to 42 U.S.C. § 1320a-7(a)(1). The Notice of Exclusion informed Statler that she could request a hearing before an administrative law judge in writing within 60 days of receiving the Notice of Exclusion.

More than five years later, on March 23, 2004, Statler requested reinstatement into the Federal health care programs. On May 16, 2008 Statler filed a motion with the DHHS to enjoin OIG from imposing the exclusion. The DHHS construed the motion to enjoin as a request for an administrative hearing. On December 8, 2008, after a pre-hearing conference and briefing from Statler and OIG, an administrative law judge ("ALJ") dismissed Statler's challenge to the

2

exclusion as untimely, pursuant to 42 C.F.R. § 1005.2(c), which requires that an aggrieved party challenge an exclusion within 60 days of receiving notice of the exclusion. On January 12, 2009 Statler appealed to the DHHS Departmental Appeals Board, which affirmed the ALJ's ruling on April 10, 2009. Statler now appeals that decision to this Court.

## II. Standard of Review

The Social Security Act provides that "[a]ny individual, after any final decision of the [agency] made after a hearing to which [the excluded individual] was a party . . . may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g). Judicial review of a final agency decision is limited to determining (1) whether the agency applied the correct law or (2) whether substantial evidence supports the agency's factual findings. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g); *see also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

*Chevron v. National Resources Defense Council* governs the review of the agency's legal determinations. If Congress has spoken to the precise legal issue in the case, the agency and the reviewing district court must give effect to Congress' unambiguously expressed intent. *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). If Congress has not addressed the precise legal issue, and the agency has interpreted the relevant statutory provisions, a reviewing district court must defer to the agency if the agency's determination is based on a "permissible construction of the statute." *Id.* at 843. In this case, if the Secretary's analysis of 42 U.S.C. § 1320-7 and 42 C.F.R. § 1001.2 was based on a permissible construction, this Court cannot set aside the agency's decision. *See MacKenzie Med. Supply, Inc. v. Leavitt*, 506 F.3d 341, 346 (4th Cir. 2007).

If substantial evidence supports the agency's decision, a district court is bound by that determination. *Hays*, 907 F.2d at 1456. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1962)). District Courts do not weigh evidence or substitute their judgment for that of the agency, but merely look to see whether substantial evidence supported the agency's conclusion. *Id.* In this case, if the evidence would not compel the Court to direct a verdict in favor of Statler were the case presented to a jury, the agency's decision must stand.

### III. Analysis

The DHHS Departmental Appeals Board ("DAB") issued a "Final Decision on Review of Administrative Law Judge Decision" in which it upheld the ALJ's finding that Statler failed to file a timely hearing request. The only issue decided by the ALJ, and thus the only issue decided by the DAB, was that Statler's claim was time barred. Accordingly, this Court is limited to reviewing the correctness of the DAB's legal determination that the claim was time barred, and whether substantial evidence supported the DAB's factual findings on which that legal determination rested.

Statler argues that the permanent exclusion (1) does not reflect the terms of the Plea Agreement Statler entered with the United States Attorney and (2) clearly only prevents Statler from engaging in certain "covered conduct" rather than the full exclusion asserted by DHHS.

4

However, the Plea Agreement is not at issue in this case, as DHHS is not compelled to abide by an agreement to which it is not a signatory. Further, the interpretation of the exclusion was a matter to be determined first through administrative channels, the possibility of which was foreclosed by the DAB's determination that Statler's request for a hearing was untimely. Accordingly, the Court will only review whether the DAB's timeliness determination was proper.

Part 1003 of Title 42 of the Code of Federal Regulations governs the details of imposing sanctions on health care practitioners for Medicare or Medicaid fraud, including the DHHS' exclusion of Statler from participating in federal health programs. *See* 42 C.F.R. § 1003 *et seq*. Part 1005.2 of Title 42 of the Code of Federal Regulations governs the administrative review of such exclusions, and provides that a person so excluded must request an administrative hearing within 60 days of receiving notice of exclusion. *See* 42 C.F.R. § 1005.2(c). The regulation is clear that an ALJ *must* dismiss a petitioner's request when it is filed outside of 60 days. *Id.*; *see also Bruce Franken, R. Ph.*, DAB CR1198 (2004) (observing that an ALJ has no discretion to waive a late request).

The OIG issued Statler a Notice of Exclusion from participating in Medicare, Medicaid, and federal health programs on November 30, 1999. *See* Notice of Exclusion, A.R. at 61. Without a "reasonable showing to the contrary," Statler is presumed to have actually received the Notice of Exclusion by December 5, 1999, five days after the date of issuance. 42 C.F.R. § 1005.2(c). Statler does not contend that she actually received notice outside of this five-day period, so the Court will presume that her 60-day window for requesting an administrative hearing began on December 5, 1999. Accordingly, Statler had until February 3, 2000 to begin the administrative review process. However, Statler waited until May 16, 2008 to initiate an

administrative claim challenging her exclusion. Statler's actions were more than eight years too late.

Statler claims that her untimely request should be excused because (1) the Notice of Exclusion was ambiguous, (2) the OIG Notice of Exclusion violated the pertinent regulations, and (3) Statler failed to realize at the time that the imposed exclusion differed from what she thought the Settlement Agreement stated. (Dkt. 19, at 9–14). However, the DAB rejected a similar argument, holding that the Notice of Exclusion unambiguously informed Statler that she was being excluded, the basis for the exclusion, and the effect of the exclusion. The Notice of Exclusion further advised Statler of her right to request a hearing as required by 42 C.F.R. § 1001.2002(b)(6). Statler has also failed to identify any defect in the Notice or service of the Notice that would have prevented her from exercising her right to request a hearing. Furthermore, Statler's failure to understand the plain language of the Notice indicating the permanency of the exclusion does not absolve her responsibility to comply with the 60-day limitations period. Considering the clarity and thoroughness of the Notice of Exclusion, the Court agrees with the DAB's conclusion that Statler's tardiness in requesting a hearing should not be excused. The Court finds that substantial evidence supports the DHHS' factual findings, and that the DHHS' legal determination that Statler's request was time barred was correct.

### IV.    Conclusion

The DAB reasonably interpreted the relevant regulations in finding that Statler's request for an administrative hearing was time barred. Further, substantial evidence supported the factual findings underpinning the DAB's reasonable legal conclusion. Accordingly, the Court affirms the agency's decision in this matter. For the foregoing reasons, Statler's motion to set

aside the final agency action (Dkt. 19) is **DENIED**, and the Secretary's cross motion for summary judgment (Dkt. 20) is **GRANTED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and accompanying Final Order to counsel of record for both parties.

ENTER: This 16th day of March, 2011.

Hon. James C. Turk
Senior United States District Judge